FILED
JAMES J. VILT, JR. - CLERK

MAY 10 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. **3:23-MJ-204-CHL**

RICHARD R. WIEDO     DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and Kristen M. Clarke, Assistant Attorney General for the Civil Rights Division; and Defendant Richard R. Wiedo, and his attorney, Brian Butler, have agreed upon the following:

1. Defendant acknowledges that he has been charged in an Information in this case with a violation of Title 18, United States Code, Section 242.

2. Defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count One of the Information in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea, and the defendant admits that the following facts are true:

> In the evening of May 30, 2020, while employed as an officer by the Louisville Metro Police Department ("LMPD"), Defendant Richard R. Wiedo was dispatched to the corner of Baxter Avenue and Highland Avenue in Louisville, Kentucky, which is in Jefferson County, Kentucky, in the Western District of Kentucky. A large group of protestors had gathered in the area. Defendant and other LMPD officers were sent to the location to

monitor the situation and provide crowd control. At the time, there was a 9 p.m. curfew in effect in Louisville, Kentucky.

LMPD officers, including Defendant, had received training on the appropriate use of less lethal munitions during basic training and as a refresher training during the Spring 2020 Firearms Qualifications. Additionally, appropriate use of less lethal munitions as an impact weapon is covered in the progression of force that is part of the LMPD Standard Operating Procedures. According to LMPD policy and training, a less lethal munition, such as a 40mm direct impact munition using a foam round, should only be deployed as an impact weapon—should only be shot at a person—if the officer deploying the weapon has identified a person who was actively aggressive and the officer is shooting at the actively aggressive person.

Around 11 p.m. on May 30, 2020, D.W. was standing towards the front of a crowd of protestors at Baxter Avenue and Highland Avenue. D.W. was holding a cell phone in one hand and a drink in the other hand.

Someone towards the back of the crowd of protestors, several rows behind D.W., threw a water bottle over the protestors, toward the line of LMPD officers that were standing in front of the protestors. D.W. did not throw the bottle and was not at this point behaving in an aggressive manner or making threats. LMPD officers had been ordered to use crowd dispersal techniques if anything was thrown at officers from the crowd.

After the bottle was thrown by an unknown protestor, Defendant deployed a foam round from his 40mm direct impact munition into the crowd. Defendant had not identified who had thrown the bottle and was not deploying his 40mm direct impact munition at anyone who was being actively aggressive. The defendant understood, when he fired his round, that doing so was not reasonable under the circumstances. The 40mm foam round struck D.W. in the face.

4.   Defendant agrees that within one week after this Plea Agreement is accepted by this Court, he will surrender to any and all licensing authorities his law enforcement certification in the State of Kentucky, and in any other jurisdiction where he has been certified. Defendant agrees that he will refrain from seeking or accepting any future law enforcement employment, including but not limited to any employment as a police officer, jailer, correctional officer, military police officer, or deputy sheriff. Defendant agrees to submit to the Kentucky Law Enforcement Council an affidavit affirming the above within one week after this Plea Agreement is accepted by this Court. Defendant will also provide the affidavit to the Louisville Metro

Police Department within one week after this Plea Agreement is accepted by this Court. Defendant shall authorize the Louisville Metro Police Department to release the affidavit as part of Defendant's file if a request is made by a prospective law enforcement employer. Defendant will also provide a copy of the affidavit to the United States, with the understanding that counsel for the United States may submit the affidavit and court filings concerning this case to any agency that has been given the authority by a federal, state, or local government to issue licenses for law enforcement officers. Defendant agrees that his failure to submit such an affidavit shall constitute a breach of this Plea Agreement and conditions of probation. Defendant further agrees that seeking any future law enforcement employment, including but not limited to any employment as a police officer, jailer, correctional officer, military police officer, or deputy sheriff, during any term of supervision, would be grounds for revocation.

5. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of one year, a maximum fine of $100,000, and a one-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration,

naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

7. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. U.S.S.G. §§5D1.1, 5D1.2, 5D1.3.

8. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

> A. If Defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.
>
> B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.
>
> C. At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

9. Defendant understands that the United States has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or

after sentencing. Defendant admits all acts and essential elements of the Information count to which he pleads guilty.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $25.

11. At the time of sentencing, the United States and Defendant agree to the following:

   A. that a sentence of one year's probation that does not include either a fine or a term of imprisonment, intermittent confinement, or assignment to a residential reentry center, is appropriate. This is the portion of this Rule 11(c)(1)(C) Plea Agreement that is considered binding on the Court. The United States is free to recommend other conditions of probation, and the district court has discretion as to including them as conditions; and

   B. that the United States will recommend a reduction of two levels below the otherwise applicable Guideline for "acceptance of responsibility," as provided by §3E1.1(a), and recommend a reduction of one additional level if the offense level is 16 or higher, as provided by §3E1.1(b), provided Defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this Plea Agreement remains binding and Defendant will not be allowed to withdraw his plea.

12. The United States' obligations under this Plea Agreement are contingent upon Defendant's continuing to manifest an acceptance of responsibility. If Defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement prior to sentencing.

13. If the Court finds by a preponderance of the evidence prior to sentencing that Defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or

impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

14. If the Court rejects this Plea Agreement, the Defendant may withdraw his guilty plea, and the United States agrees not to use, in any subsequent trial of the defendant, any statement that the Defendant has made during plea negotiations, in the plea agreement, or during the guilty plea colloquy. If the Court rejects this Plea Agreement, the United States also agrees not to use any such statements, or the facts set forth in Paragraph 3 of this Plea Agreement, in any proceeding, including a trial, for impeaching or rebutting any evidence, argument, or representation offered by or on Defendant's behalf.

15. If the Court finds that Defendant has violated this Plea Agreement, or if the Defendant does not plead guilty or withdraws his guilty plea for reasons other than those stated in Paragraph 14, Defendant understands and agrees to the following:

- A. All statements the Defendant made during plea negotiations or in Court during this proceeding, including his plea colloquy, and any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings.

- B. The United States has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath during the guilty plea colloquy.

- C. The facts set forth in Paragraph 3 of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument, or representation offered by or on Defendant's behalf.

    D. Defendant expressly waives all claims under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(b) of the Federal Rules of Criminal Procedure, or any other federal rule, that Defendant's statements pursuant to this Plea Agreement or any leads derived therefore, should be suppressed or are inadmissible.

16. Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence based on any and all arguments, which includes but is not limited to arguments that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute, pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise, as well as any sentence imposed upon a revocation of supervised release. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any and all collateral attack arguments, which includes but is not limited to arguments that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

    C. Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a Rule 35(b) motion filed by the United States; or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by Defendant.

17. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offense covered by this Plea Agreement.

19. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea Defendant may be detained pending sentencing.

23. If the Court refuses to impose sentence in accordance with the terms of this Rule 11(c)(1)(C) Plea Agreement, the Plea Agreement will become null and void, and neither party shall be bound thereto. Specifically, Defendant will be allowed to withdraw his plea of guilty, and the United States shall be relieved of all of its promises, excluding those listed in Paragraph 14.

24. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.

25. This Plea Agreement states the complete and only agreement between the United States Attorney for the Western District of Kentucky, the Assistant Attorney General for the Civil Rights Division, and Defendant in this case. The Agreement is binding only on the parties to this Plea Agreement; supersedes all prior understandings, if any, whether written or oral; and cannot be modified other than by an agreement in writing that is signed by all parties or an agreement made on the record in Court. No other promises or inducements have been or will be

made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney
By:

_____          5-10-23
Amanda E. Gregory                         Date
Assistant United States Attorney

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

Anita Channapati
Trial Attorney

    I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          5-10-23
Richard R. Wiedo                          Date
Defendant

    I am Counsel for Defendant. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          5-10-23
Brian Butler                              Date
Counsel for Defendant

MAB:AEG

10