UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:23-MJ-00204-CHL

UNITED STATES OF AMERICA,                                                                    Plaintiff,

v.

RICHARD WIEDO,                                                                               Defendant.

## ORDER

Before the Court is the unopposed motion for protective order filed by the United States of America (the "United States"). (DN 8.) For the reasons set forth below, the motion will be **GRANTED**.

I.   BACKGROUND

On March 28, 2023, Defendant Richard Wiedo ("Wiedo") was charged in a misdemeanor Information with one count of deprivation of rights under the color of law in violation of 18 U.S.C. 242. (DN 1 at PageID # 1.) The United States alleged that Wiedo, while acting under color of law, deprived a victim from the right to be free from the use of unreasonable force by a law enforcement officer during a protest. (*Id.*) Wiedo deployed a foam round from his 40mm direct impact munition into a crowd, causing injury to the victim. (DN 10 at 23.) The Court accepted Wiedo's guilty plea as to this charge on May 15, 2023. (*See* DN 15.) The United States asserts that it will need to provide the victim's medical records to the defense in advance of sentencing. (DN 8 at 15.)

The United States's proposed protective order limits the use of the victim's personal medical information for purposes solely connected to the defense of the instant charge. (*Id.* at 15-16.) The proposed protective order prohibits the disclosure of the records to any person or entity

other than the defense unless authorized by the Court. (*Id.* at 15.) The proposed order prohibits copies or reproduction of the records except in connection with the defense as necessary by authorized persons. (*Id.* at 16.) Finally, the protective order requires that the medical records be filed under seal if used as an attachment to a filing or exhibit at a hearing, though does not preclude any party from applying to the Court for further relief or modification of any provision. (*Id.*) The United States asserts it has shared the motion and proposed protective order with counsel for Wiedo and counsel did not oppose to them. (*Id.* at 15.)

## II. DISCUSSION

Rule 16(d) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). While the rule itself does not define "good cause," the Advisory Committee notes are instructive on examples of circumstances in which a protective order is appropriate, namely for the safety of witnesses, protection of information vital to national security, and "protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16(e) advisory committee's note to 1966 amendments (discussing Rule 16(e), which is now styled as Rule 16(d)); Fed. R. Crim P. 16(d) advisory committee's note to 1974 amendments. The issuance of an order under Rule 16(d) is within the discretion of the Court. *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011). The party seeking the protective order bears the burden of showing good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *United States v. Smith*, 985 F.Supp.2d 506, 523 (S.D.N.Y. 2013). Further, the Parties' agreement does not obviate the need for a showing of good cause. *See United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) ("Good cause remains the standard [for entry] even where, as here, the parties agreed to the terms of the protective order.").

Here, since the United States intends to disclose the evidence to Wiedo, the issue before the Court is whether there is good cause to protect the evidence from disclosure outside of the defense of the instant charge. "The U.S. Supreme Court has sanctioned the use of protective orders, directing that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.' " *United States v. Jones*, No. 3:06-CR-149, 2007 WL 4404682, at *1 (E.D. Tenn. Dec. 13, 2007) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). The Court notes that it has not reviewed the evidence at issue. The United States has indicated that the restrictions are necessary due to the private and personal nature of the victim's medical records. (DN 8 at 15.) The Court agrees. Crime victims have a "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Restricting the use of the evidence at issue to litigating this case and generally limiting possession to Defendant's counsel mitigates the risk of publicly disclosing the victim's private medical information without interfering with Defendant's substantive rights or the public's right of access to information filed in the court record. Therefore, the Court finds a sufficient showing of good cause to enter the United States's proposed protective order.

### III. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that the United States's motion for a protective order (DN 8) is **GRANTED**. The protective order will be entered by separate order.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

May 30, 2023

cc: Counsel of record